*J. R. Singletary* and *Hartsfield & Conger,* contra.

---

## ATLANTA NORTHERN RAILWAY COMPANY *v.* BROWN.

The charge of the court complained of in the second ground of the motion for a new trial was not erroneous; and for this reason the Court of Appeals erred in reversing the judgment of the trial court on that ground of the motion.

No. 4155. NOVEMBER 12, 1924.

Certiorari; from Court of Appeals. 31 *Ga. App.* 429.

*Colquitt & Conyers* and *John T. Dorsey,* for plaintiff in error.

*Mozley & Gann* and *H. B. Moss,* contra.

HILL, J. Fred Brown brought an action for damages for personal injuries alleged to have been received by him while a passenger on the Atlanta Northern Railway Company. The petition alleged substantially as follows: The plaintiff and another person went to a flag-station of the defendant, for the purpose of becoming passengers on the defendant's train. It was at night; and when defendant's car approached the flag-station the plaintiff signaled the car to stop, and after answering the signal the defendant's agents in charge of the car had ample time to stop the car at the station. Defendant's motorman failed to stop the car at the place prepared for passengers to get on and off the cars, but drove the car about fifty feet north of the stop and stopped it over Vinings road or underpass, thereby inviting plaintiff to get on the car at that point. Plaintiff at once started toward the car with the intention of getting on it and becoming a passenger. Plaintiff did not know, on account of the bright lights of the car, that the car had passed the grounds prepared for passengers to get on and off the cars; and just as he was approaching the back end of the car he stepped off into the underpass and fell down into the underpass about fifteen feet upon the ground and gravel of the public road, thereby causing serious permanent injuries to the plaintiff. On the trial of the case plaintiff and his companion testified that the match was lighted to signal the car when it was a sufficient distance from the flag-station to be stopped at the station. The motorman testified that the match was lighted when it was too close to the station to make the stop at the proper place and that he could not reasonably stop the car any sooner than he did; that he intended backing the car to the station for the purpose of receiving the intended passengers at the proper place. Both the motorman and the conductor testified that the intention to back up was signified in the usual way, by giving three blasts of the whistle; and that the car was already backing towards the station when the plaintiff fell through the trestle. This testimony was denied by the plaintiff and his companion. At the conclusion of the evidence, after argument and the charge of the court, the jury returned a verdict for the defendant. The plaintiff filed a motion for a new trial upon various grounds, which was overruled by the trial judge, and the

plaintiff excepted, and the case was taken to the Court of Appeals. The Court of Appeals reversed the judgment of the trial court overruling the motion for new trial, and held that the second ground of the motion for new trial assigned reversible error, and reversed the judgment of the lower court on that ground alone. The plaintiff in certiorari assigns error on the judgment of the Court of Appeals reversing the judgment of the lower court.

The trial judge charged the jury that "If the plaintiff signaled the defendant's car that he desired to become a passenger upon it, and if the defendant's motorman responded to such signal from the plaintiff, indicating that the car would stop for the plaintiff, but if it did not stop at the station for the purpose of receiving plaintiff as a passenger, but ran by plaintiff and stopped at a point beyond the station, and if the purpose of the defendant's motorman in stopping the car beyond the station was to receive the plaintiff at that point as a passenger on its car, and such purpose was indicated to the plaintiff in any way by the motorman, and if in pursuance of such stop and purpose the plaintiff undertook to take passage upon defendant's car, the court instructs you that the plaintiff would be a passenger." The Court of Appeals reversed the trial court for overruling the motion for new trial, because of the charge given in the above excerpt, and held as follows: "1. Where a complaint for damages against a carrier of passengers accustomed to receive passengers on signal at a flag-station is based, by the averments of the suit, upon the theory that the plaintiff became a passenger when, in pursuance of a signal by the plaintiff, *the defendant's car stopped,* the plaintiff was not entitled to a charge that the relation of passenger and carrier commenced on the giving of the responsive signal by the carrier *before it stopped,* but indicating its intention to stop and receive the plaintiff as a passenger. Such a charge would have submitted a theory not presented by the action.   2.   If a person in a proper condition and having a bona fide intention of becoming a passenger on the car of a carrier of passengers, accustomed to receive passengers on signal at a flag-station, presents himself at the proper time thereat and signals the car to stop, and the signal is answered, and if the car is stopped within a reasonable distance from the station, apparently in pursuance of the exchange of signals, but at an unsuitable and unsafe place for boarding, such person, if he does not know in the exercise

of ordinary care of the danger of boarding the car at that point, has the right, in the absence of notice by the defendant to the contrary, both to rely and act upon the fact of the car's stopping as an invitation for him to board the car where it stopped, without any reinvitation, or further expression of the purpose of the defendant's servants in stopping, and, while so acting, is entitled to that degree of care on the part of the carrier which is due to a passenger, —namely, extraordinary care. Where the evidence in an action for damages is sufficient to support the other parts of the hypothesis stated, it is not necessary, in order to establish his right as a passenger, that the plaintiff should show that no such notice was given him, or that the defendant did anything further by way of invitation when it stopped the car under such circumstances. In this case one of the court's charges was erroneous in placing such a burden upon the plaintiff, on account of which, after verdict found for the defendant, the court erred in overruling the plaintiff's motion for a new trial. There is no merit in any of the other assignments of error."

Taking the entire charge of the trial judge into consideration, we are of the opinion that it is not open to the criticism urged against it by our learned brethren of the Court of Appeals. In charging the jury on this point the learned trial judge charged as follows: "Now the parties here, gentlemen, as you have noted, are at issue about most of the facts in the case—fundamental facts in the case. They are at issue as to when or at what point the car was when the signal was given, as claimed by the plaintiff, that he wished to become a passenger on the defendant's car. They are at issue at various points. Now the plaintiff, gentlemen, contends that this car ran by the station after having been signaled to stop for him and after the motorman had answered his signal, thereby indicating, as plaintiff contends, that the motorman was agreeing to stop for the plaintiff; and the plaintiff contends that the car, having passed the station, stopped over the Vinings road or underpass, and that in so doing the defendant here invited the petitioner to board the car at that point. Now, that contention is denied by the defendant; the defendant admits that the car ran by the station; the car stopped so that, the defendant says, it was beyond the underpass, but the contention of the defendant is that the car was not stopped either over the underpass or north of the underpass for the

purpose of receiving the plaintiff here as a passenger, but that the stop made there was incidental to a return of the car for the purpose of receiving the plaintiff as a passenger at the station or usual place of receiving and discharging passengers. I call your special attention to these two contentions, gentlemen, because it is a fundamental point in the case, and the court instructs you, with reference to the plaintiff's contention now, that if the plaintiff signaled the defendant's car that he desired to become a passenger upon it, and if the defendant's motorman responded to such signal from the plaintiff, indicating that the car would stop for the plaintiff, but if it didn't stop at the station for the purpose of receiving plaintiff as a passenger, but ran by plaintiff and stopped at a point beyond the station, and if the purpose of the defendant's motorman in stopping the car beyond the station was to receive the plaintiff at that point as a passenger on defendant's car, and such purpose was indicated to the plaintiff in any way by the motorman, and if in pursuance of such stop and purpose the plaintiff undertook to take passage upon the defendant's car, the court instructs you that the defendant would owe the plaintiff extraordinary diligence to have its approaches to its cars reasonably safe for approaching and entering its cars; and if in consequence of a failure on the part of the defendant to exercise the care for the safety of the plaintiff he was injured, he would be entitled to recover from the defendant for such injuries, provided he could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care on his own part. Now, gentlemen, I submit the contention of the defendant that the purpose of stopping the car was not to receive the plaintiff as a passenger at that point, but to return to the station and receive him at that point; and if the car ran by the station and stopped, as submitted to you in the instructions just given you, and it wasn't the purpose of the motorman in stopping the car to receive the plaintiff as a passenger at that point, and if his stop was for the purpose of return or backing up in order to receive the plaintiff as a passenger at the station or usual place of receiving and discharging passengers, and if such purpose was indicated in any usual or ordinary way, and if the defendant's employees did nothing to indicate a contrary purpose than that of backing up, that then, in such event, the defendant would owe the plaintiff no duty until the car came to a stop to receive him as a pas-

senger, or until it came to such place as plaintiff's employees should indicate to the plaintiff in.some way to enter the defendant's car; and if the plaintiff was injured under such circumstances in pursuing the car to take passage at a point away from the station and at a ·point where no invitation had been extended him to enter the car, either express or implied, the plaintiff would not be entitled to recover in·the case."

We are of the opinion that this charge is in accord with the ruling made in the case of *Georgia & Florida Ry. Co.* v. *Tapley,* 144 *Ga.* 453 (4) (87 S. E. 473, L. R. A. 1916C, 1020), where it was held: "Where one goes to a flag-station on the line of a railway company at which passenger-trains are accustomed to stop to take on passengers upon being signaled, and gives a proper signal to indicate his intention to get upon an approaching passenger-train, he does not ipso facto become a passenger; and it was error to charge the jury that he would be considered as a passenger." And see cases cited in the *Tapley* case .for the decision reached there. It will be observed that in the *Tapley* case the plaintiff was at a flag-station, as in the case at bar; the signal to stop was given, as in the present case; the signal was answered with a whistle, as in the instant case; the car did not stop at the station, as in the case at bar; and the ruling in the *Tapley* case was to the effect that these circumstances did not make the plaintiff ·a passenger as a matter of law; and we are of the opinion that it was error for the Court of Appeals to reverse the judgment of the trial judge on the excerpt from the charge as set out in ground two of the motion for new trial.

*Judgment reversed. All the Justices concur, except Russell, C. J:, dissenting.*